S. KEVIN REGAN AND LINDA G. REGAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Regan v. Commissioner
Docket No. 1791-83.
United States Tax Court
T.C. Memo 1986-120; 1986 Tax Ct. Memo LEXIS 487; 51 T.C.M. (CCH) 699; T.C.M. (RIA) 86120; March 25, 1986. Louis J. Vallone, for petitioners. Thomas C. Boscarino, for respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined deficiencies in income tax for the years 1980 and 1981 in the amounts of $2,307.00 and $2,776.00, respectively, and additions to tax under section 6653(b) [1] of the Internal Revenue Code in the amounts of $1,153.50 and $1,388.00 for those years, respectively. The only issue is whether petitioners are liable for the *488 addition to tax under section 6653(b) with respect to deficiencies, now conceded, resulting from "war tax" decuctions claimed by petitioners because of their religious beliefs. FINDINGS OF FACT The stipulations of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners resided in Warwick, Rhode Island at the time they filed the petition herein. During the years 1980 and 1981, both petitioners were employed as school teachers, S. Kevin Regan ("Kevin") by La Salle Academy in Providence, Rhode Island, and petitioner Linda G. Regan ("Linda") by Our Lady of Mercy Church in East Greenwich, Rhode Island. Petitioners are devout Roman Catholics. They devote much of their lives to the work of the church and to helping the needy, hungry, and less fortunate people in the community. Petitioners believe that it is morally wrong to pay taxes which would be used for the purpose of building arms, strengthening national defense, preparing for war, and ultimately annihilating human beings. The returns petitioners timely filed reflected the amount of wages and interest income received and set forth various deductions on the Schedule A. Because of their *489 beliefs, they took deductions for "war tax credits" and for "Rhode Island Alternative Fund For Peace and Human Needs," which deductions resulted in their having no tax liability for these years. Petitioners attached to each of these returns lengthy statements with respect to their war tax credit deductions which set forth their moral and religious position regarding that deduction as well as statements of the position of the Catholic Church and the Gospel of St. Matthew. On their 1981 return, they underlined the deduction for "war tax credit" and circled the line number on which it appeared in order to call attention to the deduction. The Rhode Island Alternative Fund For Peace and Human Needs was a Rhode Island non-business corporation created in 1979 which had among its purposes: providing personal and organizational support to those who seek a reordering of national economic priorities away from high military spending to the meeting of domestic human needs, especially those who withhold payment of all or part of their federal income or excise taxes as a protest against military spending and preparation for war. There is no evidence in the record that this organization had *490 ever applied for, or been granted, tax exempt status by the Internal Revenue Service. Petitioners had taken similar deductions on their tax returns for the years 1977, 1978, and 1979, all of which were challenged by respondent, and all of which ended up in the Tax Court for decision. The proceedings for the year 1977 came to a conclusion on May 22, 1980 when this Court issued an order affirming its order dismissing the petition for failure to state a claim upon which relief can be granted, in which petitioners were advised that there is no statutory provision authorizing the allowance of a war tax credit. This proceeding was concluded prior to the filing of tax returns for the years at issue. With respect to the years 1978 and 1979, a notice of deficiency was issued on March 11, 1981, which also was appealed to the Tax Court. This case was concluded by an order and decision dated August 6, 1982, which found against petitioners for the reasons set forth in the memorandum sur order served therewith. The administrative proceedings in which petitioners were once again made aware of the state of the law with respect to war tax credits with respect to the years 1978 and 1979 were concluded *491 prior to the due date for filing the earliest of the returns here at issue. With respect to all of the years 1977, 1978, and 1979, additions to tax were assessed under section 6653(a) for negligence or intentional disregard of rules or regulations, and with respect to the years 1978 and 1979, the Tax Court awarded damages pursuant to section 6673 relating to proceedings instituted by the taxpayer for delay. Petitioners were aware prior to filing their income tax returns for the years 1980 and 1981 that the law did not allow a deduction for a war tax credit based upon religious beliefs. Both petitioners filed Forms W-4, Employee's Withholding Allowance Certificates, with their employers with respect to the years at issue, which claimed exemption allowances up to thirteen in number and far in excess of the four exemption allowances to which they were entitled and which were claimed on their income tax returns. Linda filed one such form on January 31, 1979 on which it was written "No withholding tax being withheld-form being filed on Income Tax Return." As a result of these Forms W-4, Kevin had income tax withheld in the amounts of $4.73 and $47.91 for the years 1980 and 1981, respectively, *492 and Linda had no Federal income tax withheld for either year. The underpayments of income tax for the years 1980 and 1981 were not due to fraud with intent to evade tax. OPINION Petitioners in their petition did not challenge the correctness of respondent's determination that they were not entitled to a deduction for a "war tax credit." Therefore, the only issue remaining is whether petitioners are liable for the section 6653(b) additions to tax for fraud. The burden of proving fraud is on respondent and he must carry his burden by clear and convincing evidence. Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure. He must show that petitioners intended to evade taxes which they knew or believed they owed by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983). The presence or absence of fraud is factual, to be determined upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Since fraud can seldom be established by direct *493 proof of intention, the taxpayer's entire course of conduct is often relied on to establish circumstantially such fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971). In this case petitioners filed timely tax returns which set forth clearly the deductions for "war tax credits," and also attached statements and other materials which clearly set forth petitioners' position. We have found that by the time they filed the returns here at issue, petitioners knew that there was no proper deduction for a "war tax credit" based upon their religious views no matter how sincerely those views were held. We believe that petitioners did sincerely hold their religious views and that their statements were not merely a facade to cover up what was basically a selfish unwillingness to pay their fair share of taxes. Petitioners did not attempt to conceal their deduction or the reasons therefore. In Muste v. Commissioner,35 T.C. 913 (1961), this Court found that a finding of fraud was not warranted where the taxpayer did not attempt to conceal from respondent the fact that he had income but rather advised respondent at the time for filing of the *494 returns that he did not intend to file returns. His stated reason was his sincere belief that he should not pay taxes because he was opposed to the use of Federal funds for war. The Court stated: We are completely satisfied that there was not on the part of the petitioner any bad faith, intentional wrongdoing, sinister motive, or intent to mislead or deceive the respondent. Under these circumstances it is our conclusion, and we have found as a fact, that no part of the deficiency in tax for any year in question was due to fraud with intent to evade tax. [35 T.C. at 921.] Here, respondent cites as indicia of fraud petitioners' lack of cooperation during the examination and litigation stages. However, there is no probative evidence in the record of a lack of cooperation on petitioners' part. While conduct subsequent to the tax years in question cand be indicative of a taxpayer's fraudulent intent, pursuit of this litigation by petitioners' counsel cannot be said to be so indicative. Respondent relies on the fact that petitioners filed false Forms W-4 and cites a series of cases where this fact was considered indicative of fraudulent intent to evade taxes. While *495 we cannot condone petitioners' actions in filing incorrect Forms W-4, we note that the cases relied upon by respondent involved other actions, such as failure to file returns, which constituted a course of conduct intended to conceal tax liability and mislead and deceive respondent. Here, however, under this particular record, we do not have such a pattern of concealment. Respondent has failed to provide any basis for distinguishing this case from Muste v. Commissioner,supra.Accordingly, we find no part of the deficiencies are due to fraud under section 6653(b). [2]
An appropriate decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. The record clearly supports a finding of intentional disregard of the rules and regulations under section 6653(a)↩. Respondent, however, has not requested this alternative relief.